# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK (BUFFALO)

In re:
Stacey Pynn,
Debtor.

_____

Stacey Pynn,
Plaintiff,

v.

Michele Bergevin, Esq.,
Defendant.

Adversary Proceeding No.: _____
Case Nos.: 17-11069 and 24-11369
Chapter: 13

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND FOR CONTEMPT

Plaintiff Stacey Pynn ("Plaintiff" or "Debtor"), pro se, respectfully alleges:

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

Plaintiff, Stacey Pynn, resides at 7217 Woodmore Court, Lockport, New York 14094,

and is a Chapter 13 debtor in two cases:

- Case No. 17-11069 (filed May 23, 2017, concluded June 27, 2024)

- Case No. 24-11369 (filed December 2, 2024)

Defendant, Michele Bergevin, Esq., is an attorney licensed in New York and Florida (Bar Nos. 2668317 and 63360, respectively), with offices at 650 Fourth Street, Niagara Falls, New York.

## FACTUAL BACKGROUND AND PATTERN OF MISCONDUCT

### I. Original Proof of Claim and Full Payment

On June 30, 2017, Defendant Michele Bergevin Esq., filed a secured proof of claim in Case No. 17-11069 for $28,439.72, labeled "Attorney fees on contempt motion."

The Chapter 13 Trustee's closing report confirms Defendant was paid in full, including $1,653.61 in interest, with a balance of $0.00 remaining.   (Exhibit A)

Plaintiff's case was dismissed on June 27, 2024.

### II. First Violation – Refusal to Release a Satisfied Lien

Defendant's judgment was satisfied some time in the year 2022 as a secured creditor.

Upon the satisfaction of a judgment, a creditor is to timely file a release of lien usually within sixty (60) days.

Defendant has failed to this day to release the subject judgment lien against Plaintiff's real property, despite full satisfaction and a prior motion granting the release of lien in case 17-11069.

The lien was the subject of a foreclosure proceeding in the New York Supreme Court, Niagara County (Hon. Frank Sedita), Index No. E179899/2023, where Defendant was named a party, (Exhibit B) and served.

Defendant was personally served with foreclosure papers on August 2, 2023, at 2:47 PM, but still refused to release the lien.

This constitutes an unlawful second collection attempt.

### III. Second Violation – False Post-Discharge Affidavit

On January 14, 2025, Defendant submitted a false sworn affidavit in State of New York Family Court, Niagara County (Hon. Keith Kibbler), File No. 80114, claiming in ¶34:

"Petitioner owes $25,000.00 to your deponent's law firm as and for Mr. Pynn's legal fees." (Exhibit C #34)

This directly contradicted the Chapter 13 Trustee's case closing records and is an attempt to triple-collect on a satisfied judgment. (Exhibit A)

Petitioner served Defendant with Notice and Demand to Cease and Desist from attempts to re-collect a satisfied debt and from violation of the automatic stay in the current bankruptcy matter.

Defendant is listed as a creditor in the current bankruptcy case 24-11369 and as such was served notice of bankruptcy.

Further, Defendant is an agent to the principal Matthew Pynn who is a creditor in the current bankruptcy 24-11369 filed December 2, 2024 and therefore at minimum was noticed of the current bankruptcy via her principal. Service to the principal is service to the agent.

### IV. Third Violation – Automatic Stay Violation via Deposition

On April 18, 2024, in the above-mentioned matter of Stacey Pynn v. Matthew Pynn (Niagara County Family Court), Defendant deposed Plaintiff and demanded answers regarding her finances, assets, and employer, despite:

- The pendency of Chapter 13 Case No. 24-11369, filed December 2, 2024

- Her client, Matthew Pynn, being listed as a creditor in that case

- The automatic stay under 11 U.S.C. § 362 being in full effect

Plaintiff Stacey Pynn and her assigned counsel repeatedly reminded Defendant during the

deposition that such questions violated the automatic stay and that all relevant financial

disclosures were publicly available through the bankruptcy case.

Despite knowing better as a licensed attorney, Defendant willfully persisted, causing

Plaintiff further emotional distress and legal harm.

Defendant later attempted to justify her conduct by claiming she only sought to assess

Plaintiff's financial capacity for custody purposes. However, this claim is disingenuous:

- Defendant has repeatedly referred to Plaintiff in pleadings as the "monied spouse"

- Defendant's client Matthew Pynn filed a Chapter 7 Bankruptcy in 2015 due to having

no assets

Defendant's actions were not only unethical and manipulative, but also legally

sanctionable, especially given her familiarity with bankruptcy proceedings and

obligations under the stay.


## CAUSES OF ACTION

<u>Count I</u> – Attempted Grand Larceny and Abuse of a Chapter 13 Debtor

Defendant's false affidavit and collection efforts post-discharge were deliberate,

repeated, and an attempt to double, even triple dip in Defendant's collection efforts on a

satisfied judgment.  This is prejudicial to all other creditors in the current bankruptcy 24-

11369.

<u>Count II</u> – Willful Violation of Automatic Stay (11 U.S.C. § 362)

Defendant's questioning of Plaintiff's finances during the April 18, 2024 deposition, while knowing of the ongoing bankruptcy and her client's creditor status, constitutes a knowing and willful stay violation.

<u>Count III</u> – Civil Contempt (11 U.S.C. § 105(a))

The Court's authority under § 105(a) permits the imposition of sanctions, attorney's fees, and punitive damages for Defendant's abuse of process and contempt of court orders.

<u>Count IV</u> – Disgorgement of Attorney Fees and Unjust Enrichment

Defendant's attempts at triple collection—through proof of claim, false affidavits, and lien enforcement, and violation of the stay—constitute unjust enrichment.

The Court should review all fees received by Defendant and disgorge amounts obtained under false or improper representations, under 11 U.S.C. § 329 and Rule 2017.

<u>Count V</u> – Attorney Misconduct and Malpractice

Defendant's actions violate multiple provisions of the Rules of Professional Conduct, including:

- Rule 3.1 (Meritorious Claims and Contentions)

- Rule 3.3 (Candor Toward the Tribunal)

- Rule 4.1 (Truthfulness in Statements to Others)

Plaintiff reserves the right to pursue a legal malpractice claim and bar complaint arising from these repeated and egregious violations.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that all debts to Defendant were fully satisfied and discharged;

B. Hold Defendant in civil contempt for violating the automatic stay on April 18, 2025;

C. Compel immediate release of all liens / judgments filed by Defendant;

D. Award actual damages compensatory and punitive damages for emotional harm, reputational damage, and legal fees in the amount of $90,279.99 (treble damages $28,439.72 + $1653.61 x 3);

E. Order disgorgement of all fees obtained through improper or fraudulent means;

F. Refer this matter to state bar disciplinary authorities in both New York State and Florida for investigation of misconduct and possible disbarment;

G. Enjoin Defendant from any future collection activity related to the discharged debt;

H. Grant such other and further relief as this Court deems just and proper.


Dated: April 22, 2025

Respectfully submitted,

Stacey Rynn
Pro-Se Plaintiff
7217 Woodmore Court
Lockport, NY 14094
(716) 430-1456

Exhibit A

STATE OF NEW YORK
FAMILY COURT : COUNTY OF NIAGARA

........................................................................

In the Matter of a Proceeding for Custody/Visitation
Under Article 6 of the Family Court Act

File No.    80114
Docket No.  V-02095-24/24A
            V-02098-24/24A

**STACEY PYNN,**
         *Petitioner,*

<u>**NOTICE TO WITHDRAW MOTION #7**</u>

         -against-

**MATTHEW PYNN,**

         *Respondent.*

**MADISON PYNN** (D.O.B. 12/16/2009)
**ALISON PYNN** (D.O.B. 12/16/2009)

........................................................................

PLEASE TAKE NOTICE that I, STACEY PYNN, Petitioner hereby am withdrawing Motion #7
Seeking the disqualification of Lori M. Shawver as my attorney; and

PLEASE TAKE FURTHER NOTICE that Petitioner DEMANDS Respondent and his counsel to
declare any possible conflicts of interest with any past, ongoing and future matters at onset
pursuant to their duty-bound ethical requirements; and

PLEASE TAKE FURTHER NOTICE that Petitioner is a Chapter 13 Debtor and any attempts to
collect is in violation of the automatic stay and any attempts to collect previously paid debts is in
violation of the automatic stay and theft/abuse of a bankruptcy debtor, (see a true and exact copy
attached proof of payment plus interest of $25,000.00 to Michele Bergevin in reference to her
sworn statements in her Response dated January 14, 2024 ¶34 "Petitioner owes $25,000.00 to
your deponent's law firm as and for Mr. PYNN's legal fees.")

Dated:  January 22, 2025
        Lockport, New York

        Stacey Pynn, *Petitioner*

# United States Bankruptcy Court

### For The

#### Western District of New York / Buffalo

STACEY E. PYNN
7217 WOODMORE COURT
LOCKPORT, NY 14094

Case No.: 17-11069 K
SS #1: XXX-XX-5698

## CASE CLOSING REPORT AND ACCOUNT

| This case was commenced on | MO. | DAY | YR. | The Plan was confirmed on | MO. | DAY | YR. | The Case was concluded on | MO. | DAY | YR. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 05 | 23 | 17 | | 09 | 20 | 18 | | 06 | 27 | 24 |

Dismissed After Confirmation

Your trustee has maintained a detailed record of all receipts, including the source or other identification of each receipt and of all disbursements. Copies of these detailed records have been filed with the Court, or are attached hereto, and are incorporated by reference in this report.

RECEIPTS: Amount paid to the Trustee by or for the Debtor for benefit of creditors. $ 174,819.08

| DISBURSEMENTS TO CREDITORS CREDITOR'S NAME | CLAIM NUMBER | CLASSIFICATION | AMOUNT ALLOWED | AMOUNT PAID | | BALANCE DUE |
|---|---|---|---|---|---|---|
| | | | | PRINCIPAL | INTEREST | |
| U.S. BANK, N.A. | | Unsecured | 0.00 | 0.00 | 0.00 | Not Filed |
| BENNETT SCHECHTER ARCURI | 001 | Unsecured | 13,539.00 | 4,641.07 | 0.00 | 8,897.93 |
| BUFFALO EXTERMINATING CO. | 003 | Unsecured | 0.00 | 0.00 | 0.00 | Not Filed |
| CAVALRY SPV 1, LLC | 004 | Unsecured | 8,705.67 | 2,984.07 | 0.00 | 5,721.60 |
| CHARLES P. BEN | 005 | Unsecured | 244.79 | 83.85 | 0.00 | 160.94 |
| CHILD SUPPORT ENFORCEMENT | 006 | Unsecured | 0.00 | 0.00 | 0.00 | Not Filed |
| LVNV FUNDING, LLC | 007 | Unsecured | 2,441.65 | 836.93 | 0.00 | 1,604.72 |
| CITIZENS BANK, NA | 008 | DirectPay | 72,647.48 | 0.00 | 0.00 | DirectPay |
| CITIZENS BANK, NA | 009 | Secured | 20,953.81 | 20,953.81 | 1,235.17 | 0.00 |
| MICHELE G. BERGEVIN | 010 | Secured | 28,439.72 | 28,439.72 | 1,653.61 | 0.00 |
| COMMUNITY BANK, N.A. | 011 | Secured | 17,733.73 | 17,733.73 | 870.68 | 0.00 |
| CORNERSTONE COMMUNITY F.C | 012 | Secured | 12,406.67 | 12,406.67 | 393.46 | 0.00 |
| DIV. OF CHILD SUPPORT EN | 013 | Priority | 0.00 | 0.00 | 0.00 | Not Filed |
| INTERNAL REVENUE SERVICE | 014 | Secured | 17,786.65 | 17,786.65 | 908.98 | 0.00 |
| KEYBANK, N.A. | 015 | Unsecured | 0.00 | 0.00 | 0.00 | Not Filed |
| FAY SERVICING, LLC | 016 | DirectPay | 207,903.99 | 0.00 | 0.00 | DirectPay |
| FAY SERVICING, LLC | 017 | Secured | 7,322.25 | 7,322.25 | 869.74 | 0.00 |
| NYS DEPT. OF TAXATION & | 018 | Priority | 6,748.31 | 6,748.31 | 0.00 | 0.00 |
| NYS DEPT. OF TAXATION & | 018 | Unsecured | 1,798.50 | 616.52 | 0.00 | 1,181.98 |
| SADINO FUNDING, LLC | 019 | Unsecured | 7,210.87 | 2,471.70 | 0.00 | 4,739.17 |
| SADINO FUNDING, LLC | 020 | Unsecured | 6,783.81 | 2,325.32 | 0.00 | 4,458.49 |
| PYNN, MATTHEW P. | 021 | Priority | 0.00 | 0.00 | 0.00 | Not Filed |
| PYNN, MATTHEW P. | 022 | Unsecured | 2,500.00 | 856.93 | 0.00 | 1,643.07 |
| PYNN, MATTHEW P. | 023 | Priority | 14,853.36 | 14,853.36 | 0.00 | 0.00 |
| RACHEL MARRERO, ESQ. | 024 | DirectPay | 0.00 | 0.00 | 0.00 | Not Filed |
| LAW OFFICES OF STEVEN H. | 025 | Unsecured | 14,660.00 | 5,025.03 | 0.00 | 9,634.97 |
| WOODS OVIATT GILMAN | 026 | Secured | 0.00 | 0.00 | 0.00 | Not Filed |
| NATIONSTAR MORTGAGE LLC | 027 | Unsecured | 0.00 | 0.00 | 0.00 | Not Filed |
| CITIZENS BANK f/k/a RBS C | 028 | Unsecured | 0.00 | 0.00 | 0.00 | Not Filed |

Please be advised that the claim number is not necessarily the same as the court claim number. It is the trustee's program number - not to the number assigned by the Court.

Case 1-25-01019-CLB   Doc 1   Filed 04/22/25   Entered 04/22/25 13:20:14,
Case 1-17-11069-MJK   Doc 17   Filed 09/20/24   Entered 09/20/24 10:24:58
Description: , Page 2 of 3

Exhibit B

STATE OF NEW YORK
NIAGARA COUNTY


I, Joseph A. Jastrzemski, Clerk of said County, and also Clerk of Supreme and County
Courts of said County, do hereby certify that I have compared the annexed copy with the
original

    DESCRIPTION: MISCELLANEOUS JUDGMENT
    DATE:        02/24/2017
    INSTRUMENT#:  2017J01502

filed in my office and that the same is a correct transcript therefrom and of the whole of
said original.

WITNESS my hand and seal of said County and Courts.

Dated __03/18/2025__



Joseph A. Jastrzemski
Niagara County Clerk



2017312729

2017J01502
02/24/2017 04:14:11 PM
2 Pages
MISCELLANEOUS JUDGM

Joseph A. Jastrzemski, Niagara County Clerk          Clerk LMK

At a term of the Supreme Court held in
and for the County of Niagara at 175
Hawley Street, Lockport, New York, on
the 21 day of February, 2017.

**PRESENT: HONORABLE RICHARD C. KLOCH, SR.**

STATE OF NEW YORK
SUPREME COURT :     COUNTY OF NIAGARA

_____

STACEY PYNN,

                Plaintiff,

**vs.**
                                   **Money Judgment**

**MATTHEW PYNN,**
                              **Index No:  150065**

                Defendant.

_____

    The Law Offices of Clayton & Bergevin, attorneys for the Defendant herein, Matthew Pynn, having filed an Order to Show Cause for Contempt against the Plaintiff herein, Stacey Pynn, to enforce an Order of this Court, directing the Defendant to pay attorneys fees directly to Clayton & Bergevin in the amount of $25,000.00, and after due deliberation, it is therefore

    **ADJUDGED**, that a Judgment be entered in favor of Clayton & Bergevin against Stacey Pynn, residing at 7217 Woodmore Court, Lockport, New York 14094, in the amount of $25,000.00 plus the statutory interest amount accumulated from the date originally ordered by this Court, November 12, 2005; and it is further

    **ORDERED**, that said Judgment shall be filed and entered in the Niagara County Clerk's Office.

ENTERED:

**GRANTED**

FEB 2 4 2017

BY: _____
NICOLE SCHUG, CLERK

                         **HONORABLE RICHARD C. KLOCH, SR.**

Index No.: 150065

STATE OF NEW YORK
SUPREME COURT: NIAGARA COUNTY

**STACEY PYNN**

Plaintiff,

vs.

**MATTHEW PYNN,**

Defendant.

# Money Judgment

CLAYTON & BERGEVIN
Attorneys at Law
650 Fourth Street
Niagara Falls, New York  14301
(716) 285-0640
*Attorneys for Defendant*

FRIEDMAN VARTOLO LLP
85 Broad Street, Suite 501
New York, NY 10004
P: 212-471-5100 F: 212-471-5150
Co@licensce Service


*146741*

## SUPREME COURT OF THE STATE OF NEW YORK:
## COUNTY OF NIAGARA

Index no : E179899/2023
Date of Purchase: 05/15/2023
Office No: 230836-1

### AFFIDAVIT OF SERVICE

| Plaintiff(s): | US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTH ASSET TRUST |
|---|---|
| Defendant(s): | MATTHEW P. PYNN A/K/A MATTHEW PYNN, ET AL., |

STATE OF NEW YORK COUNTY OF NIAGARA                    ss.:

**BOBBI BRONSON**, the undersigned, being duly sworn, deposes and says:
I am over the age of 18 years and not a party to this action. I reside in the state of New York. I reside in Niagara county.

On **08/02/2023** at **2:47 PM**, I served the within SUMMONS; VERIFIED COMPLAINT; NOTICE OF PENDENCY; CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B; NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES; NOTICES TO DEFENDANT (IN ENGLISH AND SPANISH) IN COMPLIANCE WITH ADMINISTRATIVE ORDER 131/20 with index number and date of filing thereupon affixed on **CLAYTON & BERGEVIN** a Corporation/Government agency/Entity (one of) the Defendant(s) at **650 4TH STREET, NIAGARA FALLS, NY 14301** in the manner indicated below:

By delivering to and leaving personally with **JENNIFER JACKSON, PARALEGAL**, managing agent or other person authorized to accept service, a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of service as follows:

| Sex | Color of skin/race | Color of hair | Age(Approx) | Height(Approx) | Weight (Approx) |
|---|---|---|---|---|---|
| Female | White | Brown | 50-59 | 5'4"-5'8" | 200-230 lbs |
| Other Features: | | | | | |

Sworn to and subscribed before me on
_Aug 9th  2023_

Notary Public, _John Bendeen_

X  _Bobbi Bronson_
BOBBI BRONSON
Reliant Court Services, Inc.
1 Comac Loop, Unit 1A1
Ronkonkoma, NY 11779
(631)567-3120
NYC DCWP Process Serving Agency Lic.#: 1382164-DCA



MICHAEL BENDESON
Notary Public State of New York
NO. 01BO6433595
Qualified in Erie County
My Commission Expires Jul 25, 2025

Exhibit C

STATE OF NEW YORK
FAMILY COURT   :   COUNTY OF NIAGARA

---

**STACEY PYNN,**

          Petitioner,

**v.**

**MATTHEW PYNN,**

          Respondent.

**ATTORNEY AFFIRMATION IN OPPOSITION TO ORDER TO SHOW CAUSE**

**Docket Nos.**   **V-02095-24/24A**
                **V-02098-24/24A**

**File No.**      **80114**

---

MICHELE G. BERGEVIN, ESQ., being duly sworn, deposes and says:

1.     That I am an attorney at law duly licensed to practice in the State of New York, having an office located at 650 Fourth Street, Niagara Falls, New York. I am the attorney for the Respondent herein, MATTHEW PYNN.

2.     I make this Affirmation in Opposition to Motion #6 by Petitioner, STACEY E. PYNN, as well as in opposition to Petitioner's Motion #7.

3.     Respondent objects to Petitioner's attempts to engage in Motion practice herself while she is represented by counsel.

4.     Pursuant to CPLR § 321, a party "may prosecute or defend a civil action in person _**or**_ by attorney" (_**emphasis added**_). Petitioner may represent herself, or she may prosecute her case with an attorney. Petitioner may **NOT** do both at the same time.

5.     Ms. Shawver is Petitioner's attorney of record. Petitioner filed her initial Motion containing complaints about her attorney on or about December 18, 2024. In the intervening month, Petitioner has not served an executed Consent to Change Attorney, Discharge, or anything affirmatively changing the status of Petitioner's representation.

6.     There is no legal authority permitting the Court to entertain Motions by a represented party. Such requests must go through counsel of record.

7.     Throughout Motion #7, Petitioner is clear that she desires to have an attorney (see Affirmation in Support of Motion #7, ¶¶ "30", "33", "34"). Far from

waiving any right to be represented by counsel, Petitioner asks the Court to go to extraordinary lengths (a $ 25,000.00 fee award to the monied party) to remain represented. Ms. Shawver's representation continues until there is a formal discharge. See CPLR § 321(b)(1).

8.      If Petitioner wishes to represent herself *pro se*, there are waivers and admonitions that must be made on the record. There is no authority that allows what Petitioner is trying to do here- to file request for relief as if she is unrepresented, while being technically still represented and invoking her desire to continue with counsel.

9.      Because neither Motion #6 nor Motion #7 is a proper request for relief by Petitioner's counsel of record, Mr. PYNN asks that the Court deny such requests as not properly before the Court for consideration.


## MOTION #6

10.      Motion #6 repeats recycled and false allegations about the parties' and children's history.

11.      Petitioner continues to repeat the false and easily disproven claim that Mr. PYNN is the subject of an indicated report from 2022. Petitioner knows that the matter she is referencing was expunged and legally sealed, after further investigation by Erie County Child Protective Services. Annexed hereto as Exhibit "A" is true copy of May 2, 2023 'No Evidence' letter by CPS.

12.      There is no showing that the children's school attendance is so poor that the family requires emergency Court intervention. Ms. Cavagnaro's Affirmation annexes updated attendance records for both children, Alison (DOB: 12/16/2009) and Madison Pynn (DOB: 12/16/2009). As of January 10, 2025, Alison was allegedly absent a total of seven (7) times, and Madison was absent a total of twelve (12) times.

13.      It is undisputed that both children suffer from illnesses, including migraines. Ms. Cavagnaro apparently recently spoke with the children. Ms. Cavagnaro's Affirmation supports Mr. PYNN's position that the children's illnesses caused absences. Ms. Cavagnaro's Affirmation goes on to undermine Petitioner's false claim that the children were not receiving medications and vitamin's in Father's home.

14.     There is nothing before the Court that suggests that the children's absences are unreasonable, given their health. Whether a child is too ill to attend school is, in part, a medical question. Notwithstanding Petitioner's allegations, Ms. Cavagnaro's recent investigation appears to support Mr. PYNN's longstanding position that the children's health hinders their school attendance.

15.     Ms. Cavagnaro's Affirmation goes on to support Petitioner's Motion as being "[c]onsistent with my clients' expressed wishes" and based on where the minor clients "feel that their academic and health would be better supported."

16.     Respectfully, none of the above constitutes a basis to change custody or access on an emergency basis. Petitioner makes sweeping allegations about Respondent's parenting. Ms. Cavagnaro's investigation appears to undermine Petitioner's fantastical claims of medical neglect by Mr. PYNN. Ms. Cavagnaro is merely performing her duty to articulate her client's wishes to the Court. Children's wishes do not constitute an emergency. Regardless of whether the minors prefer to live with Mother or Father, such preference is not an exigency that gives the Court a basis to disrupt an established custody agreement without a hearing.

17.     The custody arrangement has been upheld despite numerous challenges by Petitioner, up through the Appellate Division.

18.     "[I]t is well settled that, absent extraordinary or exigent circumstances, temporary custody should not be transferred without an evidentiary hearing in a proceeding in which there are controverted allegations." Acquard v. Acquard, 244 A.D. 2d 1010, 1010 (4th Dept 1997).

19.     The Court has properly converted Petitioner's attempted "EMERGENCY" filing into a Notice of Motion.

20.     There are factual questions before the Court: how serious are the twins' migraines and other conditions? What is a reasonable number of absences given such conditions? What do their doctors say? What are the differences in parenting style that would influence absences and treatment? How successful have the children been making up absences given their conditions? Which parent will better foster a healthy relationship with the other parent? These, and more, can only be considered at a full, fact-finding hearing.

21.     I respectfully ask that the Court deny Petitioner's request to change custody and access and defer same for a fact-finding hearing. By her own conduct, Petitioner is delaying such a hearing. Petitioner continues to ignore lawful discovery demands, despite the Court's numerous Scheduling Orders. Petitioner likewise has not cooperated in sitting for ordered depositions. Petitioner is asking the Court for "emergency" relief, yet her conduct thwarts the Court and parties from moving towards a fact-finding hearing.

22.     Petitioner's several motions accusing various courts and lawyers of misconduct have created a vexatious sideshow. Petitioner claims that her children are in an "emergency", yet her conduct shows that her personal crusade against the court system remains her primary fixation.

23.     The above opposes Petitioner's request on its face, and does not waive Mr. PYNN's objection to the Court entertaining a *pro se* Motion from a represented party.

24.     Petitioner's requests for subpoenas are lacking as they fail to include proposed subpoenas or proof of service upon the subject parties.

### Motion # 7

25.     If Petitioner and her attorney agree that communication has broken down between them to the point that the attorney-client relationship cannot continue, there should be no barrier to Petitioner discharging Ms. Schawver as counsel. See CPLR § 321(b)(1).

26.     Nevertheless, Ms. Schawver remains counsel of record.

27.     Petitioner's unsupported claims about attorney misconduct are implausible at best. Such claims, which rest on sweeping assumptions, ought to call into question Petitioner's additional claims before the Court.

28.     Petitioner's Motion does not, on its face, plead circumstances warranting attorney disqualification.

29.     Petitioner's primary complaint is that her attorney was allegedly delayed in filing Motions requested by Petitioner. None of the delays alleged in Petitioner's Motion are unusual. The litigation between the parties has been ongoing for more than a decade, and it is reasonable that counsel would require some time to get up to speed.

30. Speaking of delay, the matter has been at a standstill for the past month given Petitioner's baseless Motion about her representation.

31. Petitioner cites to no authority even allowing a represented party to bring a Motion to have their attorney changed. Again, CPLR § 321 governs such situations. Respondent asks that the Court deny Motion #7, and direct Ms. PYNN and Ms. Schawver to work out the appropriate next steps under CPLR § 321. The Court knows that Ms. Schawver is bound by ethical obligations regarding conflict of interest, there is nothing credible before the Court that suggests counsel has done anything improper.

32. Respondent likewise opposes Petitioner's request for counsel fees.

33. Upon information and belief, Petitioner's annual income is close to $150,000.00, inclusive of rental income. Petitioner is the monied party. There is no legal basis to require Mr. PYNN to pay Petitioner's legal fees (particularly for matters that Petitioner continues to initiate), and Petitioner cites to none.

34. Pursuant to a one Money Judgment alone, Petitioner owes $25,000.00 to your deponent's law firm as and for Mr. PYNN's legal fees. A separate Judgment in Mr. PYNN's favor is for more than $57,000.00 in unpaid child support owed by Petitioner. Petitioner has squandered tens if not hundreds of thousands of this family's dollars towards this ongoing legal fight. If Petitioner was found to be eligible for assigned counsel (assuming that she was truthful on her applications), the same issue to self-created hardship, i.e., the fact that Petitioner owes tens of thousands of dollars in legal fees to her prior attorneys in the instant custody battle.

34. Petitioner asks for $25,00.00 because, in her words, there were "errors in procedure" in prior applications. Yet Ms. Schawver's Affirmation shows that the disagreements between attorney and client are more substantive in nature. Ms. Schawver's Affirmation references:

> -"concerns" about Petitioner's written communications to counsel (Schawver Affirmation, ¶¶ "5", "7")
> -"opposing viewpoints on this matter" (¶ "9")
> -"[. . .] my suspicion that Ms. Pynn may insist on taking this matter in a direction that I did not feel was prudent or proper", ¶ "10")
> -disagreement about the cause for delays, and whether same were reasonable (¶ "8") .

35.    Petitioner is clearly not interested in having an attorney counsel her on her best course of action. Petitioner has bogged this family down in Court for more than a decade. Petitioner desires $25,000.00 in legal fees so that she can file procedurally correct versions of Motions that Ms. Schawver, prior judges, and prior attorneys have deemed to be substantively lacking.

36.    If the Court will entertain Petitioner's Motion despite Petitioner being represented, we ask that the Court deny the same in full.

**WHEREFORE**, the your deponent requests denial with prejudice of any and all pending Motions by Petitioner, an Order for Dismissal with prejudice of the instant Petitions, and the additional relief sought herein and for such other and further relief as the Court deems just and proper.

DATED:        January 14, 2025

Michele G. Bergevin, Esq.
CLAYTON & BERGEVIN
*Attorneys for Respondent*
650 Fourth Street
Niagara Falls, New York  14301
(716) 285-0640

# Exhibit "A"

*sent electronically*



# County of Erie

May 2, 2023

Hon. Nicole Parshall Murawa
Administrative Law Judge
NYS Office of Children & Family Services
Ellicott Square Building- Room 501
295 Main Street
Buffalo, NY 14203

**Re: MATTHEW PYNN**
**CASE ID: 28038475**
**Hearing ID# 121941**
**IAC Date: 5/15/23 @ 1:45**

Dear Hon. Judge Parshall Murawa:

Upon further review of the Erie County case file regarding the above referenced matter, and assessing the County's burden of fair preponderance of evidence required to affirm the record, the department has determined that it will submit _**no evidence**_ in this case, and therefore will _**not**_ proceed with the fair hearing.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Deborah Bowman

Deborah Bowman
Supervising Paralegal, ECDSS
Office of Counsel
(716)858-6163

Cc: Attorney Michele Bergevin via email

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF NEW YORK (BUFFALO)

In re:
STACEY PYNN,                          Case No.: 17-11069, 24-11369
Debtor.                               Chapter 13

_____

STACEY PYNN
7217 Woodmore Court
Lockport, New York 14094
xxx-xx-5698,
Plaintiff,

v.

MICHELE BERGEVIN, ESQ
650 Forth Avenue
Niagara Falls, New York 14301,
Defendant.

                                      Adversary Proc No.: _____

## **AFFIDAVIT**

I, Stacey Pynn, pro se Debtor in the above-captioned matters, state the following to be true to the best of my knowledge and belief:

1. I, Stacey Pynn, am and was a Chapter 13 Debtor in 17-11069 which was filed on May 23, 2017 and concluded on June 27, 2024 and 24-11369 which was filed on December 2, 2024.

2. Ms. Michele Bergevin Esq., is an attorney licensed in the states of New York and Florida and was a creditor in my Chapter 13 Plan 17-11069 pursuant to her proof of claim filed on June 30, 2017 for $28,439.72 for "Attorney fees on contempt motion, judgment filed

attached", and was also noticed as a creditor in my current Chapter 13 Bankruptcy 24-11369.

3. Per the Trustee's Case Closing Report, Defendant Michele Bergevin was paid $28,439.72 plus $1653.61 in interest with $0.00 due.

4. I owe, nor have I ever owed Ms. Bergevin any other monies, nor has she filed any other proofs of claim. The deadline for any current proofs of claim in my current bankruptcy was on or around February 20, 2025, therefore Ms. Bergevin knew her debt was satisfied despite her ongoing collection efforts detailed in my adversary complaint.

5. On August 2, 2023 at 2:47pm Ms. Bergevin was served a Summons and Complaint as a Defendant in foreclosure proceedings on my home at 7217 Woodmore Court, Lockport New York 14094 in the State of New York Supreme Court, County of Niagara (Hon. Frank Sedita) Index No.: E179899/2023 due to her judgment lien on the property despite satisfaction of the judgment several months prior in the year 2022.

6. Ms. Bergevin made no attempts to remove the lien during foreclosure proceedings making matters more difficult and stressful for Debtor.

7. Again on January 14, 2025 Ms. Bergevin filed papers in another state court proceeding in the State of New York Family Court County of Niagara (Hon. Keith Kibbler) File No.:80114 that "Petitioner owes $25,000.00 to your deponent's law firm as and for Mr. Pynn's legal fees".

8. On January 22, 2025 Petitioner served Defendant Ms. Michele Bergevin a Notice and Demand that she is a Bankruptcy Debtor and for Defendant to cease and desist from her attempts to collect a judgment that has already been satisfied. Attached to the Notice and Demand was the Trustee's Closing report as previously mentioned in ¶3.

9.  On April 18, 2025 Defendant scheduled a deposition of Petitioner and grilled her about her employment, assets and other finances despite being repeatedly advised of the automatic stay and that Petitioner's financial particulars can be found in the Chapter 13 documents which are publicly available.

10. Defendant Michele Bergevin is an attorney and is required to have at least some knowledge of Bankruptcy Rules and Laws therefore her actions were deliberate, willful and knowing in violation of Bankruptcy Rules and Laws intended to inflict harm, (financial, emotional, disparaging and legal) onto Debtor.

Stacey Pynn pro se Debtor
7217 Woodmore Court
Lockport, New York 14094
(716) 430-1456
safetypynn@gmail.com

Sworn to before me this 22nd of April 2025

Notary:

CHRISTOPHER PARKER
Notary Public, State of New York
Qualified in Niagara County
Reg. No. 01PA6383973
My Commission Expires Dec. 3, 2026

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK (BUFFALO)

In re:

STACEY PYNN,

Debtor.

Case No.: 17-11069, 24-11369

Chapter 13

_____

STACEY PYNN
7217 Woodmore Court
Lockport, New York 14094
xxx-xx-5698,
Plaintiff,

v.

MICHELE BERGEVIN, ESQ
650 Forth Avenue
Niagara Falls, New York 14301,
Defendant.

Adversary Proc No.:  _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following documents:

- Complaint for Declaratory and Injunctive Relief, Damages, to Compel Lien Release, and for Contempt;
- Motion for Temporary Restraining Order and Preliminary Injunction;
- [Proposed] Order Granting Temporary Restraining Order and Setting Hearing on Motion for Preliminary Injunction;
— Motion for Sanctions
were served on the Defendant listed below by personal service and electronic service on this __ day of _____, 2025.

Defendant:
MICHELE BERGEVIN, ESQ
650 Forth Avenue
Niagara Falls, New York 14301
bergevinlaw@gmail.com

Executed on this __ day of _____, 2025.

By:

_____

Stacey Pynn pro se Debtor
7217 Woodmore Court
Lockport, New York 14094
safetypynn@gmail.com

# United States Bankruptcy Court

_____WESTERN_____ District Of ___NEW YORK (BUFFALO)___

In re ___STACEY PYNN___ ,
    Debtor

___STACEY PYNN___
    Plaintiff

    v.

___MICHELE BERGEVIN___
    Defendant

)
)
)
)
)
)
)
)
)
)
)
)

Case No. ___24-11369, 17-11069___

Chapter ___13___

Adv. Proc. No. _____

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk:  Clerk, US Bankruptcy Court
                 2 Niagara Square
                 Buffalo New York 14202

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Name and Address of Plaintiff's Attorney:  Stacey Pynn
                          7217 Woodmore Court
                          Lockport, New York 14094

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

            _____ (Clerk of the Bankruptcy Court)

Date: _____   By: _____ (Deputy Clerk)